ANTHONY J. DECRISTOFORO (SB #166171)
anthony.decristoforo@stoel.com
JONATHAN A. MILES (SB #268034)
jonathan.miles@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

Attorneys for Defendant
AMERICAN TRAFFIC SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| GEORGE A. FELIX, as an individual, <br><br>Plaintiff, <br><br>v. <br><br>AMERICAN TRAFFIC SOLUTIONS, INC.; and DOES 1 through 200, <br><br>Defendant. | Case No. LA CV16-09170 JAK(GJSx) <br><br> NOTICE OF COMPLIANCE WITH 28 U.S.C. § 1446(d) <br><br> Action Filed: November 7, 2016 |

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF COMPLIANCE WITH 28 U.S.C. § 1446(D)

LA CV16-09170 JAK(GJSx)

90043017.1 0009610-00062

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on December 13, 2016, Defendant AMERICAN TRAFFIC SOLUTIONS, INC. ("Defendant") filed with the Superior Court in the State of California, County of Los Angeles, their Notice to Adverse Parties of Removal of Action to Federal Court and notified Plaintiff of the removal in compliance with 28 U.S.C. § 1446(d). A true and correct copy of the Notice to Adverse Parties of Removal of Action to Federal Court is attached hereto, without exhibits, as **Exhibit A**.

DATED: December 20, 2016

                                            STOEL RIVES LLP

                                            By: /s/ Jonathan A. Miles
                                                ANTHONY J. DECRISTOFORO
                                                JONATHAN A. MILES
                                                Attorneys for Defendant
                                                AMERICAN TRAFFIC
                                                SOLUTIONS, INC.

**EXHIBIT A**

```
ANTHONY J. DECRISTOFORO (SB #166171)
anthony.decristoforo@stoel.com
JONATHAN A. MILES (SB #268034)
jonathan.miles@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

Attorneys for Defendant
AMERICAN TRAFFIC SOLUTIONS, INC.
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| GEORGE A. FELIX, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN TRAFFIC SOLUTIONS, INC.; and DOES 1 through 200,<br><br>Defendant. | CASE NO. NC060884<br><br>**NOTICE TO ADVERSE PARTIES OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Action Filed: November 7, 2016 |

TO PLAINTIFF AND TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

PLEASE TAKE NOTICE that Defendant AMERICAN TRAFFIC SOLUTIONS, INC. has removed this case to the United States District Court for the Central District of California. A copy of the Notice of Removal filed in the Federal Court (without exhibits) is attached hereto as **Exhibit A**.

DATED: December 12, 2016

          STOEL RIVES LLP

          By: _/s/ Anthony J. DeCristoforo_
          ANTHONY J. DECRISTOFORO
          Attorneys for Defendant
          AMERICAN TRAFFIC SOLUTIONS, INC.

# EXHIBIT A

ANTHONY J. DECRISTOFORO (SB #166171)
anthony.decristoforo@stoel.com
JONATHAN A. MILES (SB #268034)
jonathan.miles@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

Attorneys for Defendant
AMERICAN TRAFFIC SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GEORGE A. FELIX, as an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN TRAFFIC SOLUTIONS, INC.; and DOES 1 through 200,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL BY DEFENDANT AMERICAN TRAFFIC SOLUTIONS, INC. UNDER 28 U.S.C. § 1441**<br><br>(Los Angeles County Superior Court, Case No. NC060884)<br><br>Action Filed: November 7, 2016 |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant AMERICAN TRAFFIC SOLUTIONS, INC. ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction, pursuant to 28 U.S.C. § 1332, to effect the removal of the above-captioned action. The action was commenced in the Superior Court of the State of California for the County of Los Angeles, and Defendant states that the removal is proper for the following reasons:

1. **Background**

On or about November 7, 2016, Plaintiff George A. Felix ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, Case Number NC060884 ("State Action"). Plaintiff's Complaint alleges causes of action for: (1) Failure to Pay Overtime Wages; (2) Nonpayment of Prevailing Wages; (3) Failure to Pay for Missed Meal and Rest Brakes; (4) Failure to Timely Pay Wages Due at Separation; (5) Recovery of Wages and Penalties; and (6) Unfair Competition;

All documents required by 28 U.S.C. § 1446(a) are attached hereto as **Exhibit A**.

2. **Timeliness of Removal**

Defendant was served with the Complaint on November 11, 2016.

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is filed before the expiration of thirty days from service of the Complaint. 28 U.S.C. § 1446(b); Fed. R. Civ. Proc. Rule 6(a)(1).

3. **Jurisdiction – Original Jurisdiction - Diversity Jurisdiction**

The Court has original jurisdiction of this action under 28 U.S.C. § 1332, and Defendant may remove it from state court to federal court pursuant to 28 U.S.C. § 1441(a), because this action involves a controversy that exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

Plaintiff's Citizenship. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of his or her domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff alleges in the Complaint filed in the State Action that he is, and at all times relevant to the Complaint was, a resident of the State of California. Complaint, ¶ 7. Therefore, for diversity purposes, Plaintiff is a citizen of the State of California.

Defendant's Citizenship. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business..." ATS is now, and ever since this action commenced has been, incorporated under the laws of the State of Kansas, with its principal place of business in the State of Arizona. Accordingly, ATS is, and has been at all times since this action commenced, a citizen of Kansas and Arizona.

Doe Defendants. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of DOE defendants in this case does not deprive this court of jurisdiction.

Accordingly, pursuant to 28 U.S.C. § 1332(c), there is complete diversity.

Amount in Controversy. In this case, Plaintiff did not specifically allege the amount in controversy. An action may be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must establish that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co., supra,* 102 F.3d at 404.

In determining the amount in controversy the Court must consider the aggregate of general damages, special damages, punitive damages, and attorney's fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Conrad Associates v. Hartford Acc. & Ind. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

Damages. Here, Plaintiff's claims are based on the alleged underpayment of wages for a period of almost five years. Complaint ¶ 7 ("FELIX was employed by ATS from on or about December 7, 2009 to on or about August 11, 2014.") Plaintiff seeks damages for (1) unpaid wages, including overtime wages, measured as the difference between accrued wages at the proper prevailing wage and the

actual wages paid to Plaintiff, (2) additional liquidated damages per Labor Code § 1194.2 in an amount equal to the amount of unpaid wages, (3) damages per Labor Code § 226(a), up to $4,000 for allegedly false itemized wage statements, (4) unpaid wages for missed meal and rest periods pursuant to Labor Code § 226.7(b), (5) waiting time penalties of thirty days of pay at Plaintiff's regular rate of pay for alleged failure to timely pay wages due at separation, (6) attorneys' fees pursuant to Labor Code § 1194 and § 226.7(b), and (7) prejudgment interest.

<u>Attorney's Fees</u>.  Requests for attorney's fees must be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia, supra*, 142 F.3d at 1156 (claims for statutory attorneys to be included in amount of controversy, regardless of whether award is discretionary or mandatory).

Accordingly, Plaintiff's claims establish that the amount in controversy more likely than not exceeds $75,000.

**4.     Venue**

Venue lies in this court pursuant to 28 U.S.C. § 1141(a), as Plaintiff originally brought this action in the Superior Court of the State of California, County of Los Angeles.  Moreover, pursuant to 28 U.S.C. §1391(b)(2), according to the Complaint, this is the judicial district within which a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred.  Venue is therefore proper in this judicial district.

NOTICE OF REMOVAL              -5-

89906737.1 0009610-00062

## 5. Service of Notice of Removal

Concurrent with the filing of this Notice of Removal, Defendant will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Superior Court of the State of California for the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District for the Central District of California.

DATED: December 12, 2016

STOEL RIVES LLP

By: /s/ Anthony J. DeCristoforo
ANTHONY J. DECRISTOFORO
Attorneys for Defendant
AMERICAN TRAFFIC SOLUTIONS, INC.

# DECLARATION OF SERVICE

I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City and County of Sacramento and my business address is 500 Capitol Mall, Suite 1600, Sacramento, California 95814.

On December 12, 2016, at Sacramento, California, I served the attached document(s):

**NOTICE TO ADVERSE PARTIES OF REMOVAL OF ACTION TO FEDERAL COURT**

on the following parties:

> Richard E. Donahoo
> Sarah L. Kokonas
> Judith L. Camilleri
> Donahoo & Associates, PC
> 440 W. First Street, Suite 101
> Tustin, CA 92780

[x] **BY FIRST CLASS MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and mailing at the offices of Stoel Rives LLP, 500 Capitol Mall, Suite 1600, Sacramento, California 95814, a copy of the attached document in a sealed envelope, with postage fully prepaid, addressed as shown on the service list. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

[ ] **BY FACSIMILE:** On the date written above, I caused a copy of the attached document to be transmitted to a fax machine maintained by the person on whom it is served at the fax number shown on the service list. That transmission was reported as complete and without error and a transmission report was properly issued by the transmitting fax machine.

[ ] **BY HAND DELIVERY:** On the date written above, I placed a copy of the attached document in a sealed envelope, with delivery fees paid or provided for, and arranged for it to be delivered by messenger that same day to the office of the addressee, as shown on the service list.

[ ] **BY EMAIL:** On the date written above, I emailed a copy of the attached documents to the addressee, as shown on the service list.

[ ] **BY OVERNIGHT MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for overnight delivery. In the ordinary course of business, correspondence would be deposited in a box or other facility regularly maintained by the express service carrier or delivered to it by the carrier's authorized courier on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and overnight delivery at the offices of Stoel Rives LLP, 500 Capitol Mall, Suite 1600, Sacramento, California 95814, a copy of the attached document in a sealed envelope, with delivery fees prepaid or provided for, addressed as shown on the service list.

[ ] **(Federal Courts Only)** I declare that I am employed in the office of a member of this court at whose direction this service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on December 12, 2016, at Sacramento, California.

_/s/ Maria Davis_
Maria Davis

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

-2-

89906732.1 0009610-00062